**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **HARVEY MIGUEL ROBINSON, JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.,*<br><br>**Defendants.** |

**CIVIL ACTION NO. 20-2978**

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                **March 31, 2022**

Plaintiff Harvey Miguel Robinson, Jr., proceeding *pro se*, has filed a Complaint against Defendants Wellpath, LLC f/d/b/a Correct Care Solutions, LLC ("Wellpath"), Dr. Denise Smyth, Nurse Lori Ridings, CRNP, Dr. Stephen Wiener, and Joseph Walsh, PA-C (collectively, the "Medical Defendants"), as well as the Pennsylvania Department of Corrections ("PA DOC"). Plaintiff asserts discrimination claims under Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act, as well as claims under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Defendants move to dismiss Plaintiff's Complaint, or for summary judgment in the alternative. For the reasons set forth below, the Medical Defendants' motion to dismiss will be granted in part and denied in part, and the PA DOC's motion to dismiss will be denied.

I.    BACKGROUND[1]

Plaintiff suffers from several medical conditions and is an individual with disabilities.[2] On October 6, 2017, while incarcerated at SCI-Greene, Nurse Ridings took Plaintiff's wheelchair from his cell and told Plaintiff that he would no longer receive his pain medication.[3] When a corrections officer asked Ridings when she would return Plaintiff's wheelchair, she stated that removing the wheelchair would teach Plaintiff to stop filing grievances.[4] Before this incident, Plaintiff had filed several grievances against Ridings and Dr. Smyth for the poor medical treatment he was receiving at SCI-Greene.[5] Plaintiff alleges that Smyth instructed Ridings to remove Plaintiff's wheelchair.[6]

Defendants denied Plaintiff access to his wheelchair from October 6, 2017 through April 5, 2018, when Plaintiff was transferred to SCI-Graterford and then to the newly-opened SCI-Phoenix, where Plaintiff is currently incarcerated.[7] During this six-month period at SCI-Greene, Ridings and Smyth "began lying and falsifying Plaintiff's medical records" as to the reason why Plaintiff's wheelchair and pain medication were withheld.[8] Plaintiff alleges that he suffered significant harm as a result, including being unable to shower or clean his cell, sustaining injuries

---

[1] At this early stage in the litigation, the Court "accept[s] all factual allegations in the complaint as true and construe[s] those facts in the light most favorable to the plaintiff." *Hart v. City of Phila.*, 779 F. App'x 121, 124 (3d Cir. 2019).

[2] Compl. [Doc. No. 2] ¶¶ 13, 20.

[3] Compl. [Doc. No. 2] ¶¶ 1, 3.

[4] Compl. [Doc. No. 2] ¶¶ 2, 4.

[5] Compl. [Doc. No. 2] ¶ 7.

[6] Compl. [Doc. No. 2] ¶ 2.

[7] Compl. [Doc. No. 2] ¶ 8; Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF page 2 (noting that Plaintiff was transferred to SCI-Graterford).

[8] Compl. [Doc. No. 2] ¶ 6.

due to falling in his cell, soiling himself, and experiencing exacerbated mental health issues.[9]
Plaintiff also alleges that he experienced "an extremely high level of torturous pain" because he
was denied effective pain medication both before and after he was transferred from SCI-
Greene.[10] Plaintiff repeatedly informed Defendants Smyth, Ridings, and later Dr. Wiener and
Physician Assistant Walsh at SCI-Phoenix, all of whom are medical providers, of his mobility
issues, medical history, diagnoses, and symptoms, including: spinal surgery, nerve damage,
convulsions, severe spasms, herniated discs, and degenerative disc disease.[11]

Following spinal surgery in 2010, Plaintiff was prescribed opioid and narcotic pain
medications.[12] After October 6, 2017, Defendants refused to provide effective pain medications
(Ultram, Norco, or Tylenol 3 and 4) to Plaintiff.[13] Instead, Plaintiff was provided ineffective
medications that did not offer him adequate pain relief.[14] Plaintiff alleges that he was denied
effective pain medications as a result of Wellpath's cost-saving incentive programs that reward
employees for reducing expenses associated with prisoners' medical care.[15]

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff
must plead "factual content that allows the court to draw the reasonable inference that the

---

[9] Compl. [Doc. No. 2] ¶¶ 9, 15.

[10] Compl. [Doc. No. 2] ¶ 12.

[11] Compl. [Doc. No. 2] ¶ 13.

[12] Compl. [Doc. No. 2] ¶ 13.

[13] Compl. [Doc. No. 2] ¶ 18.

[14] Compl. [Doc. No. 2] ¶¶ 14, 18–19.

[15] Compl. [Doc. No. 2] ¶ 22.

3

defendant is liable for the misconduct alleged."[16] "[M]ere conclusory statements" are insufficient.[17] "[T]he court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"[18] As Plaintiff is proceeding *pro se*, the Court will construe his allegations liberally.[19] However, a *pro se* plaintiff "still must allege sufficient facts in [his] complaint[] to support a claim.'"[20]

## III.  DISCUSSION

### A.  Timeliness

The Medical Defendants and the PA DOC argue that Plaintiff's claims should be dismissed as time-barred.[21] The prisoner mailbox rule establishes that "a document is deemed filed on the date it is given to prison officials for mailing."[22] "In the absence of evidence to the contrary, courts may conclude that an inmate places a filing in the hands of prison authorities for mailing on the date that it is signed."[23] Defendants argue that Plaintiff initiated this suit on June 9, 2020, more than two years after his final grievance was exhausted on May 9, 2018.[24] To file

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[17] *Id.* at 664 (citing *Twombly*, 550 U.S. at 555).

[18] *Dade v. Gaudenzia DRC, Inc.*, No. 13-1381, 2014 WL 47766, at *3 (E.D. Pa. Jan. 7, 2014) (internal quotation marks and citation omitted) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

[19] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[20] *Id.* (quoting *Mala*, 704 F.3d at 245).

[21] Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF pages 4–8; PA DOC Mem. Law Supp. Mot. Dismiss [Doc. No. 25] at ECF page 3–5.

[22] *Moody v. Conroy*, 762 F. App'x 71, 73 (3d Cir. 2019) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)).

[23] *Id.* (citation omitted).

[24] Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF pages 4–8; PA DOC Mem. Law Supp. Mot. Dismiss [Doc. No. 25] at 5.

the Complaint within the two-year limitations period,[25] Plaintiff was required to initiate suit by

May 9, 2020. The Complaint is dated May 5, 2020.[26] Plaintiff contends that he placed the

Complaint in the mailbox on May 5, 2020.[27] As there is no evidence to contradict Plaintiff's

date, the Court denies Defendants' motions to dismiss the case for being untimely filed.

### B.  Exhaustion of Administrative Remedies

The Medical Defendants assert that Plaintiff's claims against the SCI-Graterford/SCI-

Phoenix medical providers should be dismissed because Plaintiff failed to exhaust his

administrative remedies before filing suit as required by the Prison Litigation Reform Act

("PLRA").[28] This requirement "only [applies] when administrative remedies are available."[29] A

remedy may be unavailable "when the [grievance] procedure operates as a simple dead end—

with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . or

when prison administrators thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation."[30]

---

[25] The statute of limitations for personal injury claims under Pennsylvania law applies to Plaintiff's § 1983, ADA, and Rehabilitation Act claims. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015); *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). Under Pennsylvania law, "personal injury claims must be brought within two years of the accrual of the claim." *Id.* (citing 42 Pa. Cons. Stat. § 5524(7)). Therefore, Plaintiff was required to file his complaint by May 9, 2020, two years after the resolution of his final grievance.

[26] Compl. [Doc. No. 2] at ECF page 11.

[27] Pl.'s Resp. Med. Defs.' Mot. Dismiss [Doc. No. 32] at 1–2; Pl.'s Resp. PA DOC Mot. Dismiss [Doc. No. 33] at 1–2. The exhibits appended to Plaintiff's response briefs include a slip dated May 5, 2020 requesting that prison staff mail his complaint and an account statement showing that Plaintiff was charged for postage on May 6, 2020. Pl.'s Resp. Med. Defs.' Mot. Dismiss Exs. B, C, E [Doc. No. 32]; Pl.'s Resp. PA DOC Mot. Dismiss Exs. B, C, E [Doc. No. 33].

[28] 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

[29] *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).

[30] *Id.* (internal quotation marks and citations omitted).

Plaintiff filed several administrative grievances with the Pennsylvania Department of Corrections Consolidated Inmate Grievance Review System ("Inmate Grievance System").[31] However, Plaintiff does not allege that he filed any grievances against Wiener and Walsh for failure to provide adequate medical care to Plaintiff. Plaintiff must have "pursued his grievance to the final stages of internal appellate review," and his failure to do so would bar Plaintiff from litigating these claims in federal court.[32] As Plaintiff has not pled facts indicating that he commenced grievance proceedings against his medical providers after he was transferred to SCI-Phoenix, or that it would have been futile to do so, the § 1983 claims against Wiener and Walsh will be dismissed.

## C.  Individual Liability Claims under the ADA and § 504 of the Rehabilitation Act

The Medical Defendants next move to dismiss Plaintiff's claims under Title II of the ADA and § 504 of the Rehabilitation Act because Plaintiff has not pled cognizable claims for individual liability under these statutes.[33] Claims filed "under the Rehabilitation Act or under the [ADA]" apply the same "substantive standards for determining liability."[34] "To state a claim under either the ADA or the [Rehabilitation Act], [a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability."[35] The Third

---

[31] *See* Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF page 9 (describing the grievance system).

[32] *Bailey v. Kirsch*, 438 F. Supp. 3d 399, 401 (E.D. Pa. 2020) (citing *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004)). *See, e.g.*, *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001) (citing *Booth v. Churner*, 206 F.3d 289, 300 (3d Cir. 2000)).

[33] Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF page 11.

[34] *McDonald v. Pa. Dep't of Public Welfare*, 62 F.3d 92, 95 (3d Cir. 1995).

[35] *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012).

Circuit "has yet to address individual liability under Title II of the ADA"[36] in a precedential opinion, but has held that "Title II of the ADA does not provide for suits against state officers in their individual capacities."[37] Similarly, individual liability cannot be claimed under the Rehabilitation Act.[38]

Plaintiff has not pled a cognizable claim against the Medical Defendants in their individual capacities under the ADA or § 504 of the Rehabilitation Act, so these claims will be dismissed.[39] As Plaintiff has also brought these claims against the PA DOC, it would be duplicative to assert these claims against the individuals in their official capacities.[40]

### D. Section 1983 Deliberate Indifference Claims

The Medical Defendants next argue that Plaintiff has not pled sufficient facts to support his § 1983 claims alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment.[41] "To succeed on an Eighth Amendment medical needs claim, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or

---

[36] *Brown*, 492 F. App'x at 215 n.2.

[37] *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015); *see Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) ("[Plaintiff's] claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (noting that the Third Circuit has not addressed this question, but that "the Rehabilitation Act and the ADA generally are interpreted consistently."); *Dews v. Link*, No. 18-4285, 2021 WL 2223795, at *3 (E.D. Pa. June 2, 2021) (noting that defendants cannot "be liable under the Rehabilitation Act in their individual capacities.").

[38] *Doe v. DeJoy*, No. 19-5885, 2020 WL 4382010, at *11 (E.D. Pa. July 31, 2020); *Dews*, 2021 WL 2223795, at *3 (citing *A.W. v. Jersey City Public Schs.*, 486 F.3d 791, 804 (3d Cir. 2007)).

[39] The ADA and Rehabilitation Act do not prevent suits against individuals in their official capacities. *See Dews*, 2021 WL 2223795, at *3 ("Even though individuals cannot be sued in their individual capacities for money damages under Title II of the ADA or the Rehabilitation Act, they may be sued in their official capacities.").

[40] *Id.* (citation omitted) (holding that "where the plaintiff simultaneously sues the state entity that employs the individual defendants, the claims against the individuals may be dismissed as duplicative of the claims against the state.").

[41] Med. Defs.' Mem. L. Supp. Mot. Dismiss [Doc. No. 24-1] at ECF pages 13–15.

her] medical needs and (2) an objective showing that those needs were serious."[42] "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"[43] Deliberate indifference may exist when "prison authorities deny reasonable requests for medical treatment," "knowledge of the need for medical care is accompanied by the intentional refusal to provide it," or "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs."[44]

Further, "a plaintiff must allege that the official was subjectively aware of the requisite risk."[45] It is necessary to allege that a defendant "disregard[ed] . . . an excessive risk to inmate health or safety," and that the defendant was "aware of facts from which the inference can be drawn that a substantial risk of serious harm exist[ed]."[46] However, such a claim "cannot be based solely on a prisoner's disagreement with the medical care he received."[47] Where defendants "deny reasonable requests for medical treatment, and thereby subject the inmate to undue suffering or a threat of tangible residual injury . . . deliberate indifference may be

---

[42] *Beckett v. Grant,* No. 19-3717, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022) (internal quotation marks omitted) (citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017)).

[43] *McFadden v. Dalmasi*, No. 17-5787, 2019 WL 6218220, at *7 (E.D. Pa. Nov. 21, 2019), *aff'd*, 837 F. App'x 135 (3d Cir. 2020) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted))).

[44] *Pearson*, 850 F.3d at 538 (citing *Monmouth Cnty. Corr. Inst.,* 834 F.2d at 347). Additionally, "[d]eliberate indifference to a prisoner's serious medical needs can give rise to such a constitutional violation; however, mere medical malpractice will not." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[45] *Petrichko v. Kurtz*, 52 F. Supp. 2d 503, 508 (E.D. Pa. 1999) (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

[46] *Id.* (quoting *Farmer*, 511 U.S. at 837).

[47] *Id.* (citation omitted).

present."[48] Additionally, "courts have found plausible claims of deliberate indifference when a prisoner alleges that the provision of medical care was both inadequate and motivated by improper or non-medical reasons."[49]

The Complaint alleges that the SCI-Greene medical professionals' removal of Plaintiff's wheelchair amounted to deliberate indifference to Plaintiff's serious medical needs.[50] Plaintiff avers that Defendants withheld his wheelchair for six months, which resulted in numerous preventable injuries.[51] The PA DOC had allegedly approved Plaintiff's request for a wheelchair in 2009.[52] Plaintiff has pled facts indicating that he required a wheelchair and that Smyth and Ridings withheld it in retaliation for the grievances Plaintiff filed against them.[53] Although considerable deference is afforded to prison staff, such deference is appropriate only when medical providers exercise their professional judgment.[54] The Complaint pleads sufficient facts to indicate that Defendants did not exercise their professional judgment when they opted to confiscate Plaintiff's wheelchair.[55] Accordingly, Plaintiff has plausibly alleged that SCI-Greene's medical providers were deliberately indifferent to his serious medical needs during the six-month period that he had no wheelchair.

---

[48] *Id.*

[49] *Buehl v. Wexford Health Sources, Inc.*, No. 16-822, 2017 WL 914275, at *7 (W.D. Pa. Mar. 8. 2017).

[50] Plaintiff may bring these claims because "[a] private doctor who provides medical services to inmates pursuant to a contract with the prison may be held liable in a civil rights suit." *Robinson v. Corizon Health, Inc.,* No. 12-1271, 2016 WL 7235314, at *5 n.3 (E.D. Pa. Dec. 13, 2016) (quoting *Hetzel v. Swartz*, 909 F. Supp. 261, 263–64 (M.D. Pa. 1995)).

[51] Compl. [Doc. No. 2] ¶¶ 9, 15.

[52] Compl. [Doc. No. 2] ¶ 17.

[53] Compl. [Doc. No. 2] ¶¶ 2, 4–7, 13.

[54] *See White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *Brown*, 903 F.2d at 278 (citation omitted).

[55] Compl. [Doc. No. 2] ¶ 4.

Plaintiff also alleges that Defendants were deliberately indifferent to his need for stronger pain medications. Plaintiff argues that he was and continues to be denied "effective" pain medications by Defendants.[56] "[P]rison authorities are 'accorded considerable latitude in the diagnosis and treatment of prisoners.'"[57] Courts in the Third Circuit have held that an "inmate's objection to the type of medication provided by prison physicians" does not amount to deliberate indifference where alternative medical care was provided.[58] However, "[p]rison officials 'may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment' particularly if that care is grossly inadequate."[59] Where a "failure to provide adequate care . . . was deliberate, and motivated by non-medical factors," including financial considerations, a plaintiff can state a plausible deliberate indifference claim.[60]

Here, Plaintiff pleads that the Medical Defendants withheld his pain medication because Wellpath operated a program that rewarded employees for reducing the "costs of prisoners' medical care [such as] choosing a cheaper pain [medication]."[61] At this early stage of the

---

[56] Compl. [Doc. No. 2] ¶¶ 8, 18–19.

[57] *Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020) (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)).

[58] *Crowe v. Maxa*, No. 16-175, 2019 WL 4101236, at *4 (W.D. Pa. Aug. 29, 2019); *see Wisniewski v. Frommer*, 751 F. App'x 192, 193–96 (3d Cir. 2018) (affirming dismissal of a plaintiff's § 1983 claim where medical prison staff stopped prescribing an opioid pain medication and advised the plaintiff to purchase Motrin from the prison commissary).

[59] *Robinson*, 2016 WL 7235314, at *6 (citation omitted).

[60] *Id.* (quoting *Durmer*, 991 F.2d at 69). *See also Steward v. Wenerowicz*, No. 12-4046, 2015 WL 5092865, at *14 (E.D. Pa. Aug. 27, 2015) ("[R]eliance on non-medical factors, such as budgetary considerations, in deciding not to order a procedure may support a claim of deliberate indifference.").

[61] Compl. [Doc. No. 2] ¶ 22. Plaintiff also alleges he is often denied any pain medication. *See* Compl. [Doc. No. 2] ¶ 23.

litigation, Plaintiff has plausibly alleged that the Medical Defendants' refusal to provide him

with stronger pain medications constituted deliberate indifference to a serious medical need.[62]

## IV.  CONCLUSION

For the reasons discussed above, the Medical Defendants' motion to dismiss will be

granted in part and denied in part. The PA DOC's motion to dismiss will be denied. Plaintiff has

requested and will be granted leave to file an amended complaint. An order will be entered.

---

[62] Wellpath argues that by asserting that it is vicariously liable for the negligence of its employees and agents, Plaintiff attempts to plead a claim for professional negligence under Pennsylvania law that requires a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3. To the extent that Plaintiff's allegation can be read to state such a claim, the motion is granted. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 261–65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007).